```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
```

| | |
|---|---|
| STUART BOYAR, | ) No. CV 11-02414-VBK |
|      Plaintiff, | ) |
|      v. | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) (Social Security Case) |
| Security, | ) |
|      Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") erred in

```
              failing to give appropriate weight to the treating
              physician; and
    2.    Whether the ALJ erred in evaluating Plaintiff's severe
          impairments.
(JS at 2.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ'S DETERMINATION THAT PLAINTIFF DOES NOT SUFFER A SEVERE IMPAIRMENT IS NOT BASED ON SUBSTANTIAL EVIDENCE**

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act, alleging an onset of disability as of January 3, 1997 (AR 98), due to both physical and mental symptoms, including a self-described increasing severity of depression, and a lack of concentration, extreme irritability, extreme anxiety, and fatigue. (AR 133.)

Following a hearing before an ALJ (AR 42-54), an unfavorable decision was issued on January 27, 2009. (AR 27-35.) Utilizing the standard five-step sequential evaluation process (AR 31-32), Plaintiff's case ended at Step Two, when the ALJ found that Plaintiff did not have a severe impairment or combination of impairments. (AR 32; see 20 C.F.R. § 404.1521.)

In support of his disability claim Plaintiff tendered the Treatment Report of his long-time psychiatrist, Dr. Schachter. (AR

270-271.) In that document Dr. Schachter indicated that he has treated Plaintiff in psychotherapy for over a decade. Dr. Schachter began treating Plaintiff for severe anxiety and long-standing depression for several years, until Plaintiff suffered a serious shoulder injury in 1992, which exacerbated his symptoms of anxiety and depression. (AR 270.) In the Treatment Report, Dr. Schachter indicated that following the cessation of Plaintiff's employment in 1997, he suffered deepening anxiety and marked depression which worsened significantly. In addition, Dr. Schachter indicated that Plaintiff, "began a pronounced withdrawal from remaining friends and family ... struggling with unrelenting insomnia; these are common features of clinical depression." (AR 270.) Dr. Schachter's description of Plaintiff's condition continued past the last date of his insured status, December 31, 2001. (AR 30.)

The ALJ completely discounted Dr. Schachter's diagnostic report, based on several reasons indicated in the decision (see AR at 35-36), including, principally, the fact that there are no progress notes. While the ALJ acknowledged that a flood in Dr. Schachter's office may have destroyed treatment and other relevant notes in 1999, he still determined that Dr. Schachter's opinion would not accorded credibility because of contradictory evidence from Dr. Fishman (AR 34); however, Dr. Fishman treated Plaintiff for physical, not mental impairments. Although Dr. Schachter made a connection between Plaintiff's physical injuries and his ensuing depression and other symptoms, even if there is evidence in the record which might dispute or contradict the existence or extent of Plaintiff's physical injuries, this would not serve to fully depreciate Dr. Schachter's opinion as to Plaintiff's mental condition.

3

1    The Step Two determination of whether a claimant suffers from a
2 severe impairment, as set forth in the regulation (see 20 C.F.R. §
3 404.1520(c)), is recognized as a "de minimis screening device [used]
4 to dispose of groundless claims," Smolen v. Chater, 80 F.3d 1273, 1290
5 (9th Cir. 1996).  It would certainly appear that, if accepted as
6 credible to any extent, Dr. Schachter identified conditions that would
7 have more than a minimal effect on Plaintiff's ability to function in
8 the workplace for more than a continuous period of twelve months.  The
9 fact that there are no treatment records is not irrelevant, but under
10 the circumstances, has been adequately explained, as acknowledged by
11 the ALJ.  Moreover, in this context, the absence of treating records,
12 even if unexplained, would be an insufficient basis in itself upon
13 which to reject the existence of a severe impairment.  Dr. Schachter
14 clearly has treated Plaintiff for an extensive period of time, and his
15 diagnostic opinions should not have been tossed out like the baby with
16 the bath water because of an absence of treatment records.  Enough red
17 flags have been raised about Plaintiff's mental condition to have
18 seemingly inspired the ALJ to develop the record further.  See Brown
19 v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  The Court,
20 consequently, does not find that the ALJ's rejection of the existence
21 of a severe mental impairment at Step Two is supported by substantial
22 evidence.  The matter must be remanded so that a Step Two
23 determination can be made based upon consideration of substantial
24 evidence.
25    Plaintiff's second issue, which is whether the ALJ erred in
26 evaluating Plaintiff's severe impairments, is inextricably intertwined
27 with the first issue as to whether Dr. Schachter's opinion was
28 properly considered.  The result is the same, which is remand for

4

further hearing and consideration of additional evidence.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: December 5, 2011                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE